NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-4504, 14-4505
_____

UNITED STATES OF AMERICA

v.

BRANDON TANN,
                              Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Criminal Action Nos. 1-07-cr-00055-001 and 1-13-cr-00100-001)
District Judge: Honorable Leonard P. Stark
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 26, 2015
_____

Before: GREENAWAY, JR., SCIRICA, and ROTH, *Circuit Judges*.
(Opinion Filed: March 10, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Brandon Tann appeals the sentences imposed by the District Court after he pled guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and admitted to violating a condition of a previously-imposed term of supervised release. Tann contends that the District Court erred by failing to establish that Tann's guilty plea was knowing and voluntary. For the reasons that follow, we will affirm the District Court's judgments of conviction.

## I. BACKGROUND

On August 28, 2013, Tann was arrested and charged with being a felon in possession of a firearm. At the time of his arrest, Tann was under federal supervision resulting from a prior conviction. On September 5, 2013, the United States Probation Office charged Tann with violating a term of his supervised release.

Subsequently, Tann entered into a plea agreement. He pled guilty to count two (possession of a shotgun) of a two-count indictment. The government dismissed count one (possession of a pistol). Based on the plea, the District Court sentenced Tann to twenty-four months of imprisonment, to be followed by three years of supervised release. At the same time, the District Court also held a supervised release revocation hearing. Consistent with his guilty plea, Tann admitted guilt to violating the term of his supervised release that prohibited him from committing a state or federal offense. For the supervision violation, the District Court sentenced Tann to twenty-four months of

2

imprisonment, to be served consecutively to the sentence imposed for the substantive possessory offense.

The judgments of conviction were entered on November 12, 2014, and Tann filed timely notices of appeal in both cases.

## II. ANALYSIS[1]

The only issue on appeal is whether the District Court conducted a sufficient colloquy at the June 3, 2014 hearing to determine that Tann's guilty plea was knowing and voluntary. Tann failed to pose a timely objection to the District Court; accordingly, "we review the adequacy of the colloquy for plain error." *United States v. Lessner*, 498 F.3d 185, 192 (3d Cir. 2007) (citing *United States v. Vonn*, 535 U.S. 55, 58–59 (2002); Fed. R. Crim. P. 52(b)).

"Plain error exists only when (1) an error was committed (2) that was plain, and (3) that affected the defendant's substantial rights." *Id.* (citing *United States v. Stevens*, 223 F.3d 239, 242 (3d Cir. 2000)). To meet the third prong, a "defendant must prove that, were it not for the plain error committed by the District Court at the time of his plea . . . he would have pled not guilty[,] . . . and not merely that there *may or may not* have been a prejudicial impact and that he *might* have not pled guilty." *United States v. Dixon*, 308 F.3d 229, 234 (3d Cir. 2002). "'If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)).

Because a defendant entering a plea of guilty waives several constitutional rights, a district court must ensure that the guilty plea is made "voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Lessner*, 498 F.3d at 192 (internal quotation marks and citations omitted). Rule 11 of the Federal Rules of Criminal Procedure sets forth standards governing the acceptance of guilty pleas "'to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary' and in producing 'a complete record . . . of the factors relevant to this voluntariness determination.'" *Id.* at 193 (quoting *McCarthy v. United States*, 394 U.S. 459, 465 (1969)). Rule 11 requires a district court, *inter alia*, to ascertain that: the plea is voluntary; the defendant understands the rights that he is waiving by pleading guilty; and there is a factual basis for the plea. *See* Fed. R. Crim. P. 11(b)(1), (2). Even if a court deviates from these requirements, the error is harmless if it does not affect a defendant's substantial rights. Fed. R. Crim. P. 11(h).

Tann argues that the District Court should not have accepted his guilty plea before questioning him on his statements to the Court that he was previously on medication to treat bipolar disorder but had not taken any medication for two days. Our review of the

4

transcript of the plea colloquy reveals Tann's argument to be unavailing. Although the District Court did not inquire further about Tann's bipolar medication, it developed an adequate record to satisfy the procedural requirements of Rule 11 and the constitutional requirements that a guilty plea be knowing, voluntary, and intelligent.

After questioning Tann about mental illness, the District Court inquired whether Tann was under the influence of any narcotics, drugs, or alcohol, to which Tann answered in the negative. The Court explained the plea proceedings and later confirmed that Tann generally "underst[ood] why we're here today and what's going on today." App. 44, 47. It also ascertained that no one had threatened Tann or otherwise forced him to enter into the plea.

The Court further confirmed that Tann understood the specific constitutional rights that he was waiving by pleading guilty, including the right to plead not guilty, the right to trial by jury, the right to assistance of counsel at trial, and the right to cross-examine adverse witnesses. The Court also explained the sentencing options that Tann would face, including the applicable maximum penalties. In response to the District Court's questions, Tann explained his criminal conduct. When Tann questioned certain details of the government's evidentiary proffer, the Court ordered a recess to allow Tann to confer with his counsel. This interaction demonstrates that Tann was lucid and actively engaged in the plea proceeding.

We are satisfied that Tann's answers to all of the District Court's questions were

responsive.  We are likewise satisfied, as was the District Court, that Tann's statements and conduct throughout the guilty plea hearing demonstrated the voluntariness of his plea.  Finally, when the Court asked Tann's counsel whether he "ha[d] any reason to doubt Mr. Tann's competence" to enter a guilty plea, counsel responded: "No."  App. 47; *cf. United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003) (explaining that an attorney's affirmative representation about her client's competency may be considered by a district court).  Based on the foregoing, we are satisfied that Tann's plea was knowing and voluntary.

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgments of conviction of the District Court.